UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EUGENE TERRELL, #1291454/399386

        Petitioner,

v.                                                                  Civil Action No. 2:11CV333

HAROLD W. CLARKE,
Director of Virginia Department of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. Presently before the Court is respondent's Motion to Dismiss. For the reasons stated below, the undersigned recommends Respondent's motion be GRANTED, and the petition be DISMISSED.

## I. STATEMENT OF THE CASE

On December 18, 2008, following a bench trial, the Circuit Court for Accomack County entered a judgment convicting Eugene Terrell ("Petitioner" or "Terrell") of possession of cocaine with intent to distribute and sentenced him to twenty years imprisonment with ten years suspended. Terrell appealed to the Court of Appeals of Virginia challenging the sufficiency of the evidence. (Resp.'s Ex. A, ECF No. 12-1). The court denied his appeal. Id. Terrell then

appealed to the Supreme Court of Virginia which refused his petition on April 21, 2010. (Resp.'s Ex. D, ECF No. 12-4).

On November 29, 2010, Terrell filed a state habeas petition in the Supreme Court of Virginia arguing that: 1) his constitutional rights were violated when he was convicted on insufficient evidence, 2) his trial counsel was ineffective for not investigating the existence of audio and video evidence allegedly presented to the grand jury; and 3) his trial counsel was ineffective for failing to interview witnesses and discover a key witnesses' prior statement. (Resp.'s Ex. E, ECF No 12-5). On April 8, 2011, the Supreme Court of Virginia issued an opinion dismissing Terrell's petition. The Court found Terrell's allegations of ineffectiveness failed to satisfy the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). (Terrell v. Dir. of the Dept. of Corrections, Record No. 102240 (Va. April 8, 2011); Resp.'s Ex. F, ECF No. 12-6). The Court also declined to address further Terrell's evidentiary claims, ruling that non-jurisdictional claims which were neither preserved at trial nor presented on direct appeal and were not cognizable in habeas. (Id., citing Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1987)).

On June 14, 2011, Terrell, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Terrell asserts the same grounds for relief raised on direct appeal and in his state habeas petition. Respondent filed its Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 10, 11 and 12). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), the Petitioner was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well

2

as the possible consequences of failing to oppose the Respondent's filing.  (ECF No. 13).

Petitioner filed no response and the time for responding has now expired.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C.§ 2254 challenge a state's custody over a

petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a

petitioner must first exhaust the remedies available in state court or demonstrate the absence or

ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can

apply for federal habeas relief, he must first give the state court an opportunity to consider

alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett,

134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner

must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911

(4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and

the Court agrees, that for purposes of federal review, Terrell's claims have been exhausted.

(Resp.'s Mem., ECF No. 12 at 2).

Once a petitioner's state remedies have been exhausted, a federal court still may not grant

relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law" or "resulted in a decision that was based on an unreasonable determination of the

facts." 28 U.S.C. §§ 2254(d)(1)-(2).  A state court's decision is contrary to clearly established

federal law if the court arises at a conclusion opposite to that reached by the Supreme Court on a

question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case.  Id. at 413.  Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

In his petition, Terrell contends that he was convicted on insufficient evidence and denied his right to effective assistance of counsel. Specifically, Terrell argues that his conviction based "on the hearsay evidence of a convicted drug user" violated his due process rights.  (ECF No. 4 at 17).  He also claims his constitutional right to counsel was violated when his trial counsel failed to investigate the facts by failing to interview witnesses, or discover that the government did not have audio and video evidence in the case.

Terrell presented his sufficiency of the evidence claims on direct appeal and in his state habeas petition.  In ruling on his habeas petition, the Supreme Court of Virginia held that any such claims not preserved at trial or addressed on direct appeal were procedurally barred.  When a state court "clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, then that procedural rule provides an independent and adequate ground for the dismissal," and the federal habeas claim is procedurally defaulted.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731 – 32 (1991).  The Virginia procedural rules which prohibit claims on appeal which were not preserved at trial, is an

4

adequate and independent state law basis for procedural default. Clagett v. Angelone, 209 F. 3d 370, 378 (4th Cir. 2000); Weeks v. Angelone, 4 F. Supp. 2d 497, 515 (E.D. Va. 1998).

This court must dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice, or that a miscarriage of justice would result from refusing to consider the defaulted claim. With respect to this claim, Petitioner has not attempted to show miscarriage of justice or justifiable cause for the failure to preserve the objection at trial. However, as the Court of Appeals reviewed the merits of Terrell's sufficiency claim, the Supreme Court of Virginia's refusal of Terrell's direct appeal satisfies the exhaustion requirement for this claim. See Sanders v. Reynolds, 214 Va. 697, 700, 204 S.E. 2d 421, 424 (1974) (refusal of petition satisfies exhaustion for habeas purposes).

An essential element of the right to due process is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (discussing In re Winship. 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321. In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct

evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In Jackson, the Supreme Court expressly recognized that its holding accorded "full play" to the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Id. In Wright v. West, 505 U.S. 277 (1992), the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of the constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. at 296-97 (internal citations omitted) (emphasis in original).

In Virginia, the prosecution can prove possession of a controlled substance by showing either actual or constructive possession. Barlow v. Commonwealth, 494 S.E.2d 901, 904 (Va. Ct. App. 1988). To establish constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Drew v. Commonwealth, 338 S.E.3d 844, 845 (Va. 1986) (quoting Powers v. Commonwealth, 316 S.E.2d 739, 740 (Va. 1984)). Possession may be proven by "evidence of acts, declarations or conduct of the accused from

6

which the inferences may be fairly drawn that he knew of the existence of narcotics at the place

where they were found." Ritter v. Commonwealth, 173 S.E.2d 799, 806 (Va. 1970).[1]

Analyzing Terrell's direct appeal, the Court of Appeals of Virginia summarized the

evidence at trial, in the light most favorable to the Commonwealth, as follows:

> [T]he evidence proved that on October 15, 2007, Patrick O'Neill Wescott was
> cooperating with the police in a controlled drug purchase. Wescott testified he
> met appellant [Terrell] and Sherman Cropper. Westcott asked appellant if he had
> any crack cocaine. Appellant stated he did, and Wescott handed appellant one
> hundred fifty dollars in cash. Appellant and Cropper walked behind a trailer and
> returned with cocaine. Wescott emphasized in his testimony that he gave
> appellant the money and that Cropper gave him the cocaine. The trial court
> believed the Commonwealth's witnesses and rejected appellant's version of the
> events. "The credibility of the witnesses and the weight accorded the evidence
> are matters solely for the fact finder who has the opportunity to see and hear that
> evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138,
> 455 S.E.2d 730, 732 (1995).
>
> Furthermore, the circumstantial and direct evidence proves appellant acted as at
> least a principal in the second degree. See Allard v. Commonwealth, 24 Va. App.
> 57, 62, 480 S.E.2d 139, 141 (1997) (A principal in the second degree is one who
> was present at the scene and shared the criminal intent of the actual perpetrator or
> committed some act in furtherance of the offense.) The Commonwealth's
> evidence was competent, was not inherently incredible, and was sufficient to
> prove beyond a reasonable doubt that appellant was guilty of distribution of
> cocaine.

Terrell v. Commonwealth, (ECF No. 12-1 at 1-2) Record No. 0902-09-1, at 1-2 (Va. Ct.

App. Nov. 2, 2009) (unpublished) (per curiam).

---

[1] In addition, the prosecution must also prove intent to distribute the drugs seized. Adkins v. Commonwealth, 229
S.E.2d 869, 871 (Va. 1976) ("In cases involving crimes which require an act coupled with a specific intent, . . . proof
of intent is essential to conviction."). "Intent necessarily must be proved by circumstances." Hunter v.
Commonwealth, 193 S.E.2d 779, 780 (Va. 1973) (noting several circumstances that can be considered by the trial
court including quantity and the way the drugs were packaged); see Patterson v. Commonwealth, 213 S.E.2d 752,
753 (Va. 1975) ("Because direct proof is often impossible . . ., intent may be shown by circumstantial evidence.).
However, "[w]hile intent may be shown by circumstantial evidence, the existence of intent cannot be based upon
speculation or surmise." Patterson, 213 S.E.2d at 753.

After reviewing the transcript of the trial and the opinion of the Court of Appeals, the undersigned finds no unreasonable determination of fact nor any unreasonable application of federal law in the Court's analysis.  Both Wescott and Cropper testified to Terrell's involvement in the controlled purchase of cocaine which underlies Terrell's conviction.  Both men described Terrell receiving funds from Wescott for the purchase of crack cocaine.  Cropper also testified that the cocaine came from Terrell.  The Court of Appeals' finding that this evidence was adequate to sustain Terrell's conviction was not unreasonable.

In reviewing ineffective assistance of counsel claims, the relevant inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). However, this presumption is not easily overcome, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 687.

In order for Terrell to succeed on his ineffectiveness claims, he must satisfy both the "performance" and the "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. at 687.[2] To satisfy the "performance" prong of the test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel'

---

[2]As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Terrell must satisfy both requirements of the test to prevail on the merits. Terrell v. Murray, 18 F.3d 229, 232-33 (4th Circ. 1994); see Strickland, 466 U.S. at 697.

guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy the "prejudice" prong of the test, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.[3]

Terrell first asserts that his trial counsel was ineffective for failing to discover that the government did not have audio or video evidence in the case. Terrell's petition claims that the Government falsely represented that it had such evidence in order to secure an indictment. The Supreme Court of Virginia considered this claim on the merits and found that it failed to meet either the "performance" or "prejudice" prong of the Strickland test:

> "The sufficiency of the proof cannot be inquired into to invalidate an indictment found by a lawfully constituted grand jury." Siklek v. Commonwealth, 133 Va. 789, 793-94, 112 S.E. 605, 606 (1922). It is presumed "that every indictment is found upon proper evidence. If anything improper is given in evidence before a grand jury it can be corrected on the trial before the petit jury." Id. at 794, 112 S.E. at 606. Counsel is not ineffective for failing to raise a futile objection. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(Respondent's Ex. F, ECF No. 12-6 at 3).

Pursuant to § 2254, it is the duty of this Court to determine whether the Supreme Court of Virginia's decision on this point was either contrary to or an unreasonable application of federal law, or if its decision was based upon an unreasonable finding of facts. 28 U.S.C. §§ 2254(d)(1)-(2). Regarding the first determination, the United States Supreme Court has created a standard by which to measure reasonableness: "[w]here, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively

---

[3]The Supreme Court went on to define a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

unreasonable." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003).

There is no evidence that the Supreme Court's determination of the facts was unreasonable. No audio or video evidence was presented at trial, but the other evidence against Terrell was sufficient to sustain his conviction. The Supreme Court's finding that the sufficiency of the evidence necessary to support indictment may not be examined after trial is not unreasonable, but entirely correct. <u>Costello v. United States</u>, 350 U.S. 359, 363, 76 S.Ct. 406, 408 (1956). Accordingly, the Supreme Court of Virginia's analysis of Terrell's right to effective assistance was not "objectively unreasonable," nor its finding of facts suspect, thus, this claim should be dismissed.

Terrell also argued that his trial counsel was ineffective for failing to interview the government's witnesses. He claims that counsel would have discovered a sworn statement made by Terrell's co-defendant Cropper in which he (Cropper) admitted to providing the cocaine to the informant, Wescott. (Pet. ECF. 4 at 16). The Supreme Court of Virginia also resolved this claim against Terrell on the merits, writing:

> The Court holds that this portion of claim (b) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in <u>Strickland</u>. The record, including the trial transcript, demonstrates that the co-defendant's testimony at petitioner's trial as to who received the money and who gave the drugs to the informant was the same as the alleged sworn statement. Petitioner has failed to articulate how counsel's alleged failure to discover the prior consistent sworn statement affected counsel's performance at trial. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(Respondent's Ex. F, ECF No. 12-6 at 3).

As Terrell makes an identical claim here, this Court must determine only whether the

10

Supreme Court of Virginia's holding satisfies 28 U.S.C. § 2254(d)(1)-(2). When the state court's application of federal law has been challenged, the petitioner must prove that the application was "objectively unreasonable," Yarborough, 540 U.S. at 5, or that the conclusion was opposite to what the Supreme Court decided on similar facts, Williams, 529 U.S. at 413. Evidence in Terrell's trial included the testimony of the informant whose statement counsel allegedly failed to discover. The informant's testimony at trial was entirely consistent with his previous statement. (Commonwealth v. Terrell, Record No. 08cr61, Transcript of Proceedings on Dec. 18, 2008 at pp. 49-59). Indeed, Terrell's counsel commented upon the informant's role in the drug transaction when arguing for leniency at sentencing. (Commonwealth v. Terrell, Record No. 08cr61, Transcript of Sentencing on April 2, 2009 at p. 3-4). As a result, Terrell failed to show that the Supreme Court of Virginia's decision was contrary to precedent or unreasonable, or that its decision was based on a faulty determination of the facts. The Court's own review of the trial record indicates it was not. Thus, Terrell's second claim of ineffective assistance of counsel should also be dismissed.

### III.  CONCLUSION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, Terrell's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and the case be DISMISSED with prejudice.

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.      A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

                                        /s/
                                Douglas E. Miller
                                United States Magistrate Judge

                                _____
                                DOUGLAS E. MILLER
                                UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March _____, 2012

12

## Clerk's Mailing Certificate

A copy of the foregoing Order was mailed this date to each of the following:

Eugene Terrell, #1291454/399386
Dillwyn Correctional Center
P. O. Box 670
Dillwyn, VA  23963-0430

Eugene Paul Murphy
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____,
                Deputy Clerk

_____, 2012